```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                     EASTERN DIVISION
```

**STEPHEN RAINIER,** *et al.***,**

      **Plaintiffs,**

   vs.                                          **Civil Action 2:13-cv-1173**
                                                                 **Judge Watson**
                                                                 **Magistrate Judge King**

**THE LAW OFFICES OF JOHN D. CLUNK
COL, LPA,**

      **Defendant.**

## OPINION AND ORDER

This matter is before the Court on *The Law Offices of John D. Clunk Col, L.P.A.'s Amended Motion to Stay Discovery and for Protective Order*, ECF 19 ("*Motion to Stay*").  For the reasons that follow, the *Motion to Stay* is **DENIED without prejudice to renewal.**

As way of background, this is an action for monetary relief under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"), in which plaintiffs, acting on behalf of themselves and a class of plaintiffs, allege that the defendant law firm violated the FDCPA by seeking to recover against plaintiffs personally in foreclosure actions instituted following plaintiffs' discharge in bankruptcy.  *Complaint*, ECF 1.  On March 3, 2014, defendant moved for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).  ECF 4. On March 26, 2014, the Court conducted a preliminary pretrial conference pursuant to the provisions of Fed. R. Civ. P. 16(b). *Preliminary Pretrial Order*, ECF 6.  Following that conference, the Court issued an order directing, *inter alia*, that all discovery be

1

completed by November 30, 2014:

> The Court expects that, unless ordered otherwise, discovery will proceed during the pendency of any motion, including a potentially dispositive motion. However, the Court will expect the parties to proceed with a view to minimizing the risk of unnecessary expense and burden to any party. If any party concludes that a specific discovery request is unreasonable, considering the posture of the case, that party may request a conference with the Court to resolve any dispute that the parties are unable to resolve on their own.
>
>     *                   *                  *                  *
>
> All discovery must be completed by November 30, 2014. The parties are advised that the discovery completion date requires that discovery requests be made sufficiently in advance to permit timely response by that date. Discovery-related motions must be filed prior to the discovery completion date.

*Id*. at 2-3.

On April 16, 2014, plaintiffs served interrogatories and requests for production of documents. *Exhibit A*, attached to *Motion to Stay*. Thereafter, defendant filed the *Motion to Stay* pursuant to Fed. R. Civ. P. 26(c), seeking to stay all discovery pending resolution of its motion for judgment on the pleadings. Plaintiffs oppose the motion, *Plaintiffs' Memo. Contra Defendant's Motion for Protective Order*, ECF 20 ("*Memo. Contra*"), and plaintiffs have filed a reply memorandum. *The Law Offices of John D. Clunk Co., L.P.A.'s Reply Brief in Support of Amended Motion to Stay Discovery and for Protective Order*, ECF 21 ("*Reply*").

Rule 26 of the Federal Rules of Civil Procedure as well as this Court's local rules require a certification that the movant has in good faith conferred or attempted to confer with the opposing party in an effort to resolve the dispute extrajudicially. Fed. R. Civ. P.

26(c)(1); S.D. Ohio Civ. R. 37.1. In the case presently before the Court, defendant offers the *Affidavit of Jeffrey D. Stupp in Support of the Law Offices of John D. Clunk Co., L.P.A.'s Motion to Stay Discovery*, attached as *Exhibit B* to the *Motion to Stay* ("*Stupp Affidavit*"). The *Stupp Affidavit* avers that "[i]t was thought that opposing counsel agreed that discovery would be stayed pending a ruling on its motion for judgment on the pleadings." *Id.* at ¶ 3. Attorney Stupp argues that the *Preliminary Pretrial Order* "reflects that the discovery deadline was put into place with this position in mind [that discovery would be stayed pending a ruling on the motion for judgment on the pleadings]." *Id.* After plaintiffs served their discovery requests, plaintiffs' counsel "agreed to revisit the scope of discovery," but did not agree to a complete stay of discovery. *Id.* at ¶ 6. Attorney Stupp therefore certifies that the parties "conferred in good faith on this issue and could not come to an agreement on staying discovery." *Id.* at ¶ 7.

The Court disagrees with the *Stupp Affidavit*'s characterization of the *Preliminary Pretrial Order*. That *Order* established a firm discovery deadline with no reference to accommodating a stay of discovery. As to the required certification, the *Stupp Affidavit* reflects defendant's attempts to persuade plaintiffs to stipulate to a stay of discovery, but the parties could not stipulate to a stay without the consent of the Court. Fed. R. Civ. P. 16(d) ("This order controls the course of the action unless the court modifies it."). In any event, the *Stupp Affidavit* establishes that defendant did not attempt to narrow the scope of the discovery requests despite

3

plaintiffs' counsel's offer "to revisit the scope of discovery[.]" *Stupp Affidavit*, ¶¶ 6-7. While defendant offers persuasive evidence regarding the burden imposed by the current discovery requests, as well as the security and proprietary concerns raised by such requests, *see Affidavit of Andrew A. Paisley in Support of the Law Offices of John D. Clunk Co., L.P.A.'s Motion to Stay Discovery*, ¶¶ 3-10, attached as *Exhibit D* to the *Motion to Stay*, the Court is not convinced that all discovery should be stayed. Accordingly, the Court expects the parties to discuss narrowing the scope of plaintiff's first set of discovery requests with a view to minimizing the risk of unnecessary expense and burden to defendant. If after such discussions the parties are unable to resolve a dispute on their own, they may request a conference with the Court.

**WHEREUPON**, *The Law Offices of John D. Clunk Col, L.P.A.'s Amended Motion to Stay Discovery and for Protective Order*, ECF 19, is **DENIED without prejudice to renewal** consistent with the foregoing.

July 31, 2014                              s/*Norah McCann King*
                                           Norah M<sup>c</sup>Cann King
                                           United States Magistrate Judge

4