UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

STEPHEN & VICKI RAINIER, *et al.*,

    Plaintiffs,

v.

THE LAW OFFICES OF JOHN D.
CLUNK CO., L.P.A.,

    Defendant.

Case No. 2:13–cv–1173
Judge Watson
Magistrate Judge King

## OPINION AND ORDER

Defendant The Law Offices of John D. Clunk Co., L.P.A. moves for judgment on the pleadings. Mot. Judgment Pldgs., ECF No. 4. Plaintiffs Stephen and Vicki Rainier and Scott and Stacy Marple filed a Memorandum in Opposition, ECF No. 8, to which Defendant replied, ECF No. 9. The Court also permitted supplemental briefing and has considered Plaintiffs' Surreply, ECF No. 13, as well as Defendant's Surrebuttal, ECF No. 14. For the reasons that follow, Defendant's motion is **DENIED**.

### I.    BACKGROUND

This is a Fair Debt Collection Practices Act ("FDCPA") case, one that exemplifies the sometimes convoluted interplay between bankruptcy and foreclosure.

The Rainier Plaintiffs filed for Chapter 7 bankruptcy in January 2013. *See* Compl. ¶ 11, ECF No. 1. In April 2013, the Rainiers received a bankruptcy discharge, which effectively released them from personal liability on certain debts, including a note held by Deutsche Bank National Trust Company, as Trustee ("Deutsche"). *Id.* ¶ 21. In August 2013, The Law Offices of John D. Clunk Co., L.P.A. ("Clunk") filed a foreclosure complaint against the Rainiers, on behalf of Deutsche, in the Fairfield County Court of Common Pleas. *Id.* ¶ 23.

The Marple Plaintiffs filed for Chapter 7 bankruptcy in October 2012. *Id.* ¶ 37. Similar to the Rainiers, some of the Marples' personal debts were discharged, including a note held by Nationstar Mortgage LLC ("Nationstar"). *Id.* ¶ 48. In July 2013, Clunk filed a foreclosure complaint against the Marples, on behalf of Nationstar, in the Franklin County Court of Common Pleas. *Id.* ¶ 49.

Upon being served with these state court foreclosure complaints, both the Rainiers and the Marples (hereinafter "Plaintiffs") obtained legal counsel as they "were alarmed that the Complaint was seeking to recover monetary amounts from them that were discharged pursuant to [their] Chapter 7 bankruptcy case." *Id.* ¶¶ 28–29, 54–55. Clunk and Plaintiffs' counsel engaged in a series of communications and settlement demands during the foreclosure litigation. *See id.* ¶¶ 30–33, 56–59. Ultimately, Plaintiffs were not found personally liable for any debts in their respective foreclosure actions. *See* ECF No. 2, Ex. A.

Nonetheless, Plaintiffs decided to pursue a federal claim against Clunk under the FDCPA, which led the parties to this Court. Plaintiffs assert that Clunk

made false, deceptive, or misleading representations in connection with the collection of a debt, i.e., during foreclosure litigation, in violation of 15 U.S.C. § 1692e(2)(A). Specifically, Plaintiffs allege that the foreclosure complaints drafted by Clunk: (1) falsely represented the character and legal status of Plaintiffs' debts in light of their bankruptcy discharge, and (2) improperly misled Plaintiffs into believing a personal judgment was being sought against them. Clunk filed an Answer denying these allegations and promptly filed the pending Motion for Judgment on the Pleadings, requesting the Court enter judgment in its favor as a matter of law. Clunk argues it is so entitled because the FDCPA does not cover communications directed to a court during litigation, and even if it did, the state court complaints at issue did not falsely represent the character or status of Plaintiffs' debts.

## II.  STANDARD OF REVIEW

Clunk brings this motion pursuant to Federal Rule of Civil Procedure 12(c). Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." In ruling on a Rule 12(c) motion, a court may consider all available pleadings, as well as documents attached thereto and incorporated therein. *Pac. Space Design Corp. v. PNC Equip. Fin., LLC*, No. 1:13–CV–00460, 2014 WL 6603288, at *2 (S.D. Ohio Nov. 19, 2014). The standard of review for a motion for judgment on the pleadings under Rule 12(c) is the same as that used to address a motion to

dismiss under Rule 12(b)(6). *Id.*; *Lindsay v. Yates*, 498 F.3d 434, 438 (6th Cir. 2007).

Rule 12(b)(6) permits dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering whether a complaint fails to state a claim upon which relief can be granted, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs. LLC*, 700 F.3d 829, 835 (6th Cir. 2012) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Thus, while a court is to afford plaintiff every inference, the pleading must still contain facts sufficient to "provide a plausible basis for the claims in the complaint." *Flex Homes, Inc. v. Ritz-Craft Corp of Michigan, Inc.*, 491 F. App'x 628, 632 (6th Cir. 2012); *Iqbal*, 556 U.S. at 679. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 545). Otherwise stated, while a complaint need not contain overly detailed factual allegations, it must constitute more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

In sum, "[f]or purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (quoting *Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973)).

## III. DISCUSSION

Clunk asserts it is entitled to judgment as a matter of law for two main reasons. Clunk first argues that "[t]here can be no FDCPA violation arising from a request for relief in a complaint." Memo. at 4, ECF No. 4, Ex. 1. Second, Clunk argues that even if the FDCPA did apply to the facts of this case, Plaintiffs have failed to state a viable claim under 15 U.S.C. § 1692e. The Court will address each of Clunk's arguments in turn.

### A. Plaintiffs' Claim Falls within the Scope of the FDCPA.

The assertions that form the basis of Plaintiffs' FDCPA claim are contained in a pleading filed by Clunk during the parties' state court foreclosure actions. Clunk contends that the FDCPA does not protect borrowers from assertions made to a court or a judge; it covers only communications directed towards borrowers themselves.

To the contrary, Plaintiffs argue the ambit of 15 U.S.C. § 1692e reaches any false, misleading, or deceptive representations made "in connection with the

collection of any debt," which includes assertions made during foreclosure litigation.

Section 1692e states, in pertinent part, "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." The statute's plain language is straightforward yet broad and seemingly unqualified, supporting the Sixth Circuit's observation that § 1692e and its various subsections "sweep with 'extraordinar[y]' breadth." *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 592 (6th Cir. 2009) (quoting *Frey v. Gangwish*, 970 F.2d 1516, 1521 (6th Cir. 1992)). Here, the specific question before the Court is whether a representation contained in a foreclosure complaint qualifies as one made "in connection with the collection of a debt." The Court finds that it does.

The Sixth Circuit has expressly held that pursuing an action in foreclosure qualifies as "debt collection" under the FDCPA. *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 464 (6th Cir. 2013) ("[M]ortgage foreclosure is debt collection under the Act.") ("Lawyers who meet the general definition of a 'debt collector' must comply with the FDCPA when engaged in mortgage foreclosure."). Moreover, common sense dictates that the assertions made in the foreclosure complaint are sufficiently "connected to" the collection of the debt. The allegedly false and/or misleading statements that Clunk made in its state court foreclosure complaint concerned Clunk's right to enforce the promissory note and the amount due and recoverable under the subject note. The Court finds these

statements, made (1) in a pleading that controlled the entirety of the foreclosure action and (2) in furtherance of the debt collector's ultimate goal, i.e., judgment and collection, to be sufficiently "connected to" the collection of the underlying debt.

Clunk does not raise much resistance to these first two findings. Instead, its briefing focuses on whether the statements made in the state court pleadings qualify as "representations" under § 1692e. Clunk contends that § 1692e only protects representations directed towards the borrowers themselves—not third parties such as courts or judges. Thus, Clunk argues, assertions made to a court in the context of foreclosure pleadings should not give rise to FDCPA liability. The Court finds Clunk's arguments unavailing.

First, Clunk cites no controlling precedent in support of its position, relying only on a handful of district court opinions. Second, Clunk's argument contravenes the unqualified language of § 1692e as well as the FDCPA's broad definition of "communication," which includes "the conveying of information regarding a debt *directly or indirectly* to *any* person through *any* medium." 15 U.S.C. § 1692a(2) (emphasis added). Third, the Sixth Circuit has not, to the Court's knowledge, articulated any doubt as to § 1692e's applicability to representations made in debt-collection pleadings, despite having several opportunities to do so. *See Wallace v. Washington Mut. Bank, F.A.*, 683 F.3d 323, 326 (6th Cir. 2012) (finding district court erred in granting dismissal of FDCPA claim; complaint alleging debt collector made false representations in

prior state court foreclosure proceedings stated a valid claim); *Grden v. Leikin Ingber & Winters PC*, 643 F.3d 169, 172 (6th Cir. 2011) (reversing district court's grant of summary judgment on FDCPA claim; jury could find that a document filed in state court debt-collection action was misleading); *Hartman v. Great Seneca Fin. Corp.*, 569 F.3d 606, 613, 617 (6th Cir. 2009) (reversing district court's grant of summary judgment; genuine issue of material fact existed as to whether debt collector and its attorney's representations in their state-court complaints were misleading or deceptive).

In light of the plain language of the statute and the lack of any controlling precedent to the contrary, the Court finds that Plaintiffs' allegations fall within the ambit of the FDCPA. Clunk's first argument is therefore not-well taken.

**B.   Plaintiffs Have Stated a Plausible Claim for Relief.**

Clunk next argues that the underlying foreclosure complaints did not contain any materially false, misleading, or deceptive representations concerning the character or legal status of Plaintiffs' debt. Thus, Clunk contends that Plaintiffs' § 1692e(2)(A) claim has no merit. Clunk also asserts that Plaintiffs' claim is barred by the doctrine of *res judicata*.

In opposition, Plaintiffs assert that Clunk made a series of misleading representations in the underlying foreclosure complaint about the bank's entitlement to enforce the note, the total amount due and owing, and whether a personal judgment was being sought against them.

### 1. Materially False, Misleading, or Deceptive Representations

Plaintiffs allege that the underlying foreclosure complaint, drafted and filed by Clunk, (1) "comprised the use of a false, deceptive, or misleading representation in connection with the collection of the debt, to wit, that [Clunk] was entitled to collection of discharged monetary amounts no longer owed on the note"; and (2) "falsely represented the character, amount, or legal status of the debt, to wit, that [Clunk] was entitled to collection of discharged monetary amounts no longer owed on the note." *See* Compl. ¶¶ 67–68, 75–76, ECF No. 1. Clunk argues that Plaintiffs' FDCPA claims must fail as no assertions made in the underlying state court foreclosure complaints were materially or technically false.

15 U.S.C. § 1692e forbids debt collectors from using any "false, deceptive, or misleading representations or means" in connection with any debt collection practices. Thus, "[a]s the addition of the term 'misleading' confirms, the statute outlaws more than just falsehoods. . . . Even a true statement may be banned for creating a misleading impression." *Buchanan v. Northland Grp., Inc.*, No. 13-2523, 2015 WL 149528, at *2 (6th Cir. Jan. 13, 2015); *Grden v. Leikin Ingber & Winters PC*, 643 F.3d 169, 172 (6th Cir. 2011) ("[S]ometimes even a true statement can be misleading."). The Sixth Circuit utilizes a "least-sophisticated-consumer" standard in analyzing a debt collector's allegedly misleading or deceptive practices, which is designed to protect "all consumers, the gullible as well as the shrewd." *Fed. Home Loan Mortgage Corp. v. Lamar*, 503 F.3d 504, 509 (6th Cir. 2007) (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d

Cir.1993)); *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 400 (6th Cir. 1998) ("[W]hether a debt collector's practice is deceptive within the meaning of the Act, courts apply an objective test based on the understanding of the 'least sophisticated consumer.'"). Whether a debt collector's representation would mislead or deceive "the least sophisticated consumer" is considered a question of fact. *Buchanan*, 2015 WL 149528 at *2.

In their Response in Opposition, Plaintiffs highlight the representations made in the state court complaints with which they take issue:

- "Plaintiff [Deutsche] is entitled to <u>enforce a certain promissory note</u> pursuant to Ohio Revised Code §1303.31 and further says that it is in lawful possession of the aforesaid original promissory note with the <u>right to enforce same</u> by virtue of the blank endorsement reflected thereon, a copy of which note is attached hereto . . . <u>upon which there remains unpaid the sum of $164,511.30 plus interest . . . late charges, advances for taxes and insurance, and all other expenditures recoverable under the note and mortgage and/or Ohio law</u>." Compl. ¶ 1, ECF No. 1, Ex. A; Resp. at 6, ECF No. 8.

- "Plaintiff [Deutsche] further states that <u>by reason of a default in payment of the said note</u> and the mortgage securing same, <u>Plaintiff has declared said debt to be immediately due and payable</u> . . . ." Compl. ¶ 2, ECF No. 1, Ex. A; Compl. ¶ 2, ECF No. 1, Ex. B; Resp. at 7, ECF No. 8.

- "WHEREFORE, Plaintiff [Deutsche] <u>demands that there be found to be due it in the sum of $164,511.30 plus interest at the rate of 4.625% per annum from August 1, 2012, plus late charges, advances for taxes and insurance, and all other expenditures recoverable under the Note</u> and Mortgage and/or Ohio law . . . ." Resp. at 8, ECF No. 8; Compl. at 4, ECF No. 1, Ex. A; *see also* Compl. at 4, Ex. B.

Clunk asserts that none of the statements set forth above are technically false. It argues that while the bankruptcy discharge precludes Clunk from seeking a personal judgment against Plaintiffs for the money owed under the

note, it does not extinguish the debt in its entirety. Thus, according to Clunk, it still possessed the right to enforce the terms of the note and the mortgage—within the bounds of the discharge decree—and to recover money due it from the sale of the foreclosed property.

Plaintiffs argue that these statements are false and misleading in light of Plaintiffs' bankruptcy discharges, which Clunk knew about prior to filing suit. Specifically, Plaintiffs assert that Clunk was not entitled to enforce the note or pursue a personal monetary judgment against them pursuant to the terms of the bankruptcy discharges; rather, Clunk was permitted only to pursue an action *in rem* against the property itself. Accordingly, Plaintiffs challenge Clunk's representations that an unpaid monetary balance was "immediately due and payable" and "recoverable under the note." Plaintiffs also emphasize that the state court foreclosure complaints did not reference Plaintiffs' bankruptcy discharges or otherwise make clear the action being pursued was *in rem* only.

The Court finds that Clunk's representations in the underlying state court foreclosure complaints could plausibly mislead an unsophisticated consumer into believing that Clunk was pursuing a personal judgment against him. The state court complaints were divided into two counts—one addressing the breach of the note and the other the mortgage. In the context of the first count, Clunk averred that it was entitled to enforce the note, listed the amount due and owing, and stated that the debt "was immediately due and payable." *See* Compl. ¶ 2, ECF No. 1, Ex. A; Compl. ¶ 2, ECF No. 1, Ex. B. Further, in the last paragraph of the

complaint, Clunk "demand[ed] that there be found to be due it in the sum of $164,511.30 plus interest . . . ."[1] See Compl. at 4, ECF No. 1, Ex. A; Compl. at 4, Ex. B[2]. Plaintiffs independently, and unaware of each other's existence or confusion, read these similarly worded complaints, interpreted the pleadings as seeking a personal judgment against them, and became concerned enough to consult an attorney. Also important to the context in which these representations were read is what the complaints did not say: the complaints never mentioned Plaintiffs' bankruptcy discharges, never labeled the action as *in rem* only, and never unequivocally stated that no personal judgment was being sought.[3]

The Court acknowledges Clunk's argument that a bankruptcy discharge does not absolutely extinguish its right to enforce all of Plaintiffs' obligations. It

---

[1] Clunk argues that this demand is not improper when read in conjunction with the last phrase of its "wherefore clause," which asks the court to pay the lenders "from the proceeds of sale." See Compl. at 5, ECF No. 1, Ex. A; Compl. at 5, ECF No. 1, Ex. B. This, argues Clunk, makes clear that the complaint did not seek personal judgment against Plaintiffs. The Court again emphasizes that whether or not a representation is misleading is a question of fact that courts "do not lightly reject . . . at the pleading stage." *Buchanan*, 2015 WL 149528 at *3. The Court finds it at least plausible that an unsophisticated consumer could have been misled by Clunk's demand for a specific amount owed—especially when the "sale proceeds limitation" did not follow immediately thereafter, but was preceded by several other clauses and demands.

[2] This language appeared in both foreclosure complaints, albeit with different dollar amounts.

[3] Clunk argues that while the state court foreclosure complaints may not have explicitly set forth this information, the "Initial Communication" letters sent to each set of Plaintiffs did. Indeed, the Initial Communications letters state that "if your debt has been discharged in bankruptcy [ ] our client is not attempting to obtain a personal money judgment against you but reserves the right to foreclose on your real property." See Initial Communication letter, ECF No. 2, Exs. A & D. But, these letters were sent to Plaintiffs in October and December of 2012, more than eight months before any foreclosure proceeding was initiated. Further, Clunk chose not to reference, incorporate, or include this personal liability limitation in either of Plaintiffs' foreclosure complaints. Therefore, construing the record in favor of Plaintiffs as it is required to do, the Court finds Plaintiffs' claim remains plausible at this stage in the proceedings.

also acknowledges that a debt collector must generally establish that a debtor breached the terms of the note in order to foreclose on a mortgaged property. Finally, the Court acknowledges that the state court made explicitly clear in its final judgment entries that it granted judgment *in rem* only. But these findings do not affect the Court's conclusion. First, as stated above, a debt collector can be liable for representations that are technically true but nonetheless misleading. Second, a representation that is necessary can still be misleading if made without the proper context. Third, that a court eventually arrives at the correct outcome does not forgive a party's allegedly wrongful actions during litigation.

"Through it all, the hurdle to proceed from pleading to discovery remains a low one, requiring only that the plaintiff plead a plausible theory of relief." *Buchanan*, 2015 WL 149528 at *3. Because a least sophisticated consumer could plausibly find that the representations made in the state court foreclosure complaints were misleading, the Court finds Clunk's second argument not well-taken.[4]

### 2. *Res Judicata*

Clunk last argues that Plaintiffs' claim is barred by *res judicata*, and in particular, the doctrine of claim preclusion. Claim preclusion prevents the same parties from subsequently re-litigating any claim that arose out of the same

---

[4] This should not be taken as a conclusive finding that the representations at issue were indeed misleading under the FDCPA. The question before the Court is not whether Plaintiffs will ultimately succeed on the merits, but whether, construing all reasonable inferences in their favor, Plaintiffs have pled "a plausible basis for the claims in the complaint." *Flex Homes*, 491 F. App'x at 632. The Court finds only that they have.

transaction or occurrence that was the subject matter of a previous action or could have been brought in that previous action. *See Doe ex rel. Doe v. Jackson Local Sch. Sch. Dist.*, 422 F. App'x 497, 500 (6th Cir. 2011). The Sixth Circuit has interpreted Ohio's doctrine of claim preclusion to require four elements:

> (1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action.

*Ohio ex rel. Boggs v. City of Cleveland*, 655 F.3d 516, 520 (6th Cir. 2011) (quoting *Hapgood v. City of Warren,* 127 F.3d 490, 493 (6th Cir. 1997)).

Clunk spends a majority of its brief addressing the third element, i.e., whether FDCPA claims can generally be brought as counterclaims in foreclosure actions. It largely ignores the second and fourth elements, though, which the Court finds to be dispositive of the issue.

As set forth above, for claim preclusion to bar a subsequent claim from moving forward, the second action must involve the same parties, or their privies, as the first. "Parties" refers to the parties "'named in the [previous] cases.'" *Demsey v. Demsey*, 488 F. App'x 1, 5 (6th Cir. 2012) (quoting *Foster v. D.B.S. Collection Agency,* 463 F.Supp.2d 783, 797 (S.D. Ohio 2006)). The state court foreclosure actions against the Rainiers and the Marples were brought by Deutsche and Nationstar, respectively. *See* Compl., ECF No. 1, Ex. A; Compl., ECF No.1, Ex. B. The Law Offices of John D. Clunk Co., LPA was not a party to

either of those previous actions, nor is Deutsche or Nationstar a party to the action now before the Court. Finally, Clunk has not offered any argument or evidence as to how it may otherwise be in privity with Deutsche or Nationstar. Because Clunk has not satisfied the second element of the doctrine, the Court finds claim preclusion does not bar Plaintiffs' FDCPA claims.

Moreover, even if Clunk had met the second element, the Court finds that the doctrine of claim preclusion would still be inapplicable here. The fourth element outlined above requires that the subsequent action arose out of the transaction or occurrence that was the subject matter of the previous action. *Ohio ex rel. Boggs*, 655 F.3d at 520. In a very general sense, one could make the argument that both this action and the underlying state court actions concern the same "transactions," i.e., Plaintiffs' foreclosures.[5] But Plaintiffs' federal FDCPA claims— focused on the *means* rather than the *ends* of debt collection— do not really "arise out of" the same nucleus of operative fact as the foreclosure itself. *See Grava v. Parkman Twp.*, 73 Ohio St. 3d 379, 383 (1995) (adopting the Restatement's definition of "transaction" as being a "common nucleus of operative fact"). As aptly explained in a prior decision addressing claim preclusion in the context of an underlying state court debt collection action and a subsequent FDCPA claim:

> In this case, Defendants have not indicated that this federal action and the underlying debt collection cases arise out of a common

---

[5] Indeed, the Court has already found that the allegedly false representations were made "in connection with" Plaintiffs' foreclosures. *See* Section A, *supra*.

Case No. 2:13–cv–1173 Page 15 of 17

nucleus of operative facts. All of the underlying debt collection cases were actions on account, which addressed the class members' alleged liability to repay certain debts. Plaintiffs' federal court claims, on the other hand, address the allegedly unlawful misrepresentations Defendants made during the process of collecting such debts. Plaintiffs, in this case, are not challenging the amounts they owed to their creditors, which would implicate claim preclusion, but rather challenge the capacity of Defendants to bring debt collection lawsuits against them and the practices Defendants employed when they attempted to collect those debts. Therefore, this matter arises out of a different set of operative facts than did the underlying state court cases, and as such, Defendants are not entitled to claim preclusion.

Foster, 463 F. Supp. 2d at 796–98 (internal citations omitted); see also Todd v. Weltman Weinberg & Reis Co., LPA, No. 1:03CV171, 2008 WL 419943, at *6 (S.D. Ohio Feb. 14, 2008) ("Plaintiffs are not challenging the amounts they owe to their creditors, but instead challenge the practices Defendants employed when they attempted to collect those debts. As such, Plaintiffs' FDCPA claims arise out of a different set of operative facts than did the underlying state court cases.").

Because this case centers on representations made *during* the state court foreclosure actions rather than the facts underlying them, the Court finds Clunk's *res judicata* argument not well-taken.

## IV. CONCLUSION

Based on the foregoing, Defendant The Law Offices of John D. Clunk Co., L.P.A.'s Motion for Judgment on the Pleadings is **DENIED**.

Additionally, the Court finds this case would benefit from settlement discussions, especially before either party incurs additional expenses associated

with summary judgment briefing. Accordingly, the parties shall confer and contact the Court with suggested dates for a Rule 16 conference. Fed. R. Civ. P. 16(a)(5). Someone with full settlement authority on each side must be present at the conference. If the parties settle the case prior to the Rule 16 conference, they shall notify the Court in writing.

The Clerk shall **REMOVE** Document 4 from the Court's pending motions list.

**IT IS SO ORDERED.**

_/s/ Michael H. Watson_
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**